# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 20 CR 577-7 |
| ENRIQUE HOLLINS, | ) ) ) | Hon. Elaine E. Bucklo |
| Defendant. | ) ) | |

**MEMORANDUM REGARDING MINIMAL PARTICIPANT - §3B1.2**

Now comes Defendant, Enrique Hollins, by and through his attorney, Jeffrey J. Levine, and, for his Memorandum Regarding Minimal Participant - Guideline §3B1.2, states as follows:

1. Contrary to the Presentence Investigation Report, which does not recommend a decrease to the offense level as a result of Mr. Hollins' minimal participation in the scheme, both the Guideline and case law indicate that he should receive the decrease.

2. Sentencing Guideline Section 3B1.2 provides for two, three and four level decreases in the offense level, depending on the defendant's mitigating role in the offense. Section 3B1.2(a), provides for a four level decrease in the offense level if the defendant was a minimal participant in the criminal activity.

3. The decreases in the offense level are based on the totality of the circumstances and are heavily dependent on the facts of the particular case. *See*: §3B1.2, comment, note 3(C).

Legal Basis

4. The reduction is appropriate where the defendant was substantially less culpable than the conspiracy's other participants. *United States v. DePriest*, 6 F.3d 1201,1214 (7th Cir. 1993). In order

to determine what level downward adjustment is warranted, a comparison must be made to the conduct of co-participants in the case at hand. *United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006).

5. A four level reduction for minimal participants is intended to apply to individuals who are plainly among the least culpable of those involved in the conduct of a group. *See*: §3B1.2, Comment, note 4. An individual's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant. *Id*.

6. Given that entitlement to a mitigating-role adjustment is "heavily dependent upon the facts of the particular case," a defendant must demonstrate the individual's role in the conspiracy as a whole, the length of his involvement in it, his relationship to other participants, his potential financial gain and his knowledge of the conspiracy. *United States v. Diaz-Rios*, 706 F.3d 795, 799 (7th Cir. 2013).

Factual Basis

7. As noted in Mr. Hollins' Sentencing Memorandum, his involvement in the scheme was peripheral. As delineated in his December 9, 2022 Plea Agreement, Mr. Hollins' involvement in the scheme amounted to telephone calls on two days, a transfer of a telephone, narcotics and proceeds and a single sale of controlled substances. His specific participation in the scheme was as follows:

> a. June 14, 2020. Two telephone conversations with a co-defendant regarding the transfer of a phone.
>
> b. August 17, 2020. Two telephone conversations with a co-defendant, at 8:31 a.m. and 8:33 a.m. and a transfer of a phone, narcotics and proceeds to another co-defendant at 9:52 a.m.
>
> c. August 25, 2020. Arranged for and made a sale of 3.404 grams of a substance containing a controlled substances in exchange for payment of $100.00.

*See*: 12/09/22 Plea Agreement, Dkt. No. 528, at pp. 3-6.

8. Based on the actions on those three days, Mr. Hollins' played a minimal role in the 132 day conspiracy. (The PSI Report also notes a time period of 79 days, from June 14, 2020 to September 1, 2020). *See*: PSI Report at par. 26. Mr. Hollins had no relationship to other participants and made little if any financial gain as a result of his actions. There is no indication that he had any knowledge of the scope or duration of the conspiracy.

9. The government has not provided any indication that Mr. Hollins' involvement in the scheme exceeded the three days referenced in their Version of the Offense, the Plea Agreement and the Presentence Investigation Report.

10. Despite his extremely limited involvement and the acknowledgment in the PSI Report that Mr. Hollins:

> ...is not known to have exercised any decision-making authority and did not participate in the planning or organizing the criminal activity

the Probation Office did not recommend a mitigating role in the offense. *See*: PSI Report at par. 30. This is consistent with the Office's conclusion that Mr. Hollins should be held responsible for the full amount of drugs attributable to the conspiracy. *See*: PSI Report at pars. 24-7.

11. Both the government and the Probation Department seek to hold Mr. Hollins accountable for distributing 659.65 grams of fentanyl laced heroin and 254.38 grams of cocaine base *See:* December 21, 2022, Government's Version of Offense at page 3; PSI Report at Pars. 12, 17, 25, 26 and 27.

12. The United States Attorney General has recently advised federal prosecutors to avoid holding nonviolent offenders with peripheral involvement in schemes responsible under mandatory minimum sentencing requirements. *See*: 12/16/22 Attorney General Memorandum, Sentencing Exhibit 41

Conclusion

13. While Mr. Hollins' involvement in a scheme amounted to a few days participation and a single $100.00 drug sale, both the government and the Probation Office seek to hold him as responsible as the other participants in the scheme. It is their position that his actions are as culpable as all others involved in the charged conspiracy. There is no basis for this position under the Sentencing Guidelines or applicable law.

14. Section 3553(a)(1) requires that, in addition to the history and characteristics of a defendant, a sentencing court must consider the nature and circumstances of the offense with regard to each individual defendant. The statute trumps any guideline or policy statement to the contrary. *See*: *Stinson v. United States*, 508 U.S. 36, 38, 44-5 (1993); *United States v. LaBonte*, 520 U.S. 751, 757 (1997).

15. Given Mr. Hollins minimal involvement in the scheme, pursuant to Section 3B1.2(a), he should be granted a four-level decrease in his offense level.

> Respectfully submitted,
>
> *Jeffrey J. Levine*
> Attorney for the Defendant
> Enrique Hollins

JEFFREY J. LEVINE
19 South La Salle Street
Suite 702
Chicago, Illinois 60603
(312) 372 - 4600

Dated: March 17, 2023